UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-mj-358 (JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **AMENDED ORDER OF** |
| | ) **DETENTION** |
| CALVIN MARNEZE LEREON WRIGHT, | ) |
| Defendant, | ) |

This matter came before the Court on May 6, 2022, for a preliminary hearing and upon the motion of the United States for an Order of Detention. Mr. Wright was present and represented by his attorney, Andrew Mohring. The United States was represented by Assistant United States Attorney Justin A. Wesley.

Mr. Wright is charged by Complaint with one count of possession with intent to distribute 400 grams or more of a mixture and substance containing fentanyl. On May 6, 2022, Mr. Wright knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. Mr. Wright also knowingly, voluntarily, and intelligently waived his right to a detention hearing, reserving his right to challenge detention at a later time. The Court concluded that probable cause exists to believe Mr. Wright committed the offense charged.

Before the hearing, pre-trial services interviewed Mr. Wright and issued a report recommending detention, finding that he presented a risk of non-appearance and a danger to the community. The Court concludes that there has been a clear and convincing showing

that no condition or combination of conditions of bond will reasonably ensure the safety of the community and a preponderance of the evidence demonstrating that releasing the Mr. Wright will create a serious risk of his nonappearance. Accordingly, the Court will grant the Government's motion for Detention.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. The Court finds that detention is justified in order to ensure the safety of the community and prevent a serious risk of flight.

There is also probable cause to believe that Mr. Wright committed the offense charged in the complaint. Because Mr. Wright is charged with an offense under 21 U.S.C. § 841(a)(1) for which the maximum term of imprisonment is ten years or more, there is a rebuttable presumption in favor of detention. See 18 U.S.C. § 3142(e)(3)(A). If a defendant rebuts the presumption in favor of detention, the burden is on the Government to show by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if the defendant is released, or by a preponderance of the evidence that releasing the defendant will create a risk of his nonappearance. 18 U.S.C. § 3142(f).

There is no evidence before the Court that would rebut this presumption. According to the bond report prepared by the office of probation and pretrial services, Mr. Wright poses a risk of nonappearance due to the offense conduct, substance abuse history, criminal

history including a record of failure to appear, aliases or false identifications, and criminal activity while under supervision. The bond report also enumerates the reasons why Mr. Wright poses a risk of danger, including the nature of the offense, criminal history, and self-admitted gang affiliation.

CONCLUSION

Based upon the evidence presented, including Mr. Wright's wavier, the Court concludes that Mr. Wright has failed to rebut the presumption in favor of detention. Furthermore, the United States has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community, and has also shown by a preponderance of the evidence that Mr. Wright poses a serious risk of flight.  Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of Mr. Wright is granted;

2. Mr. Wright is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Mr. Wright shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Wright is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: May 6, 2022             *s/John F. Docherty*
                               The Honorable John F. Docherty
                               United States Magistrate Judge