UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-87 (ADM/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CALVIN MARNEZE LEREON WRIGHT,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Calvin Marneze Lereon Wright (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with possession with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

2. **Factual Basis.** The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

During April 2022, law enforcement intercepted a package containing approximately 30,000 blue pills with an "M30" stamp on them. These pills are made to resemble prescription Oxycodone pills. The pills are actually counterfeit and are known by law enforcement to contain fentanyl. The package was shipped from a source in Arizona

to an address in Minnesota. Law enforcement was unable to conduct a controlled delivery, so the package was simply seized. The Drug Enforcement Administration (DEA) Laboratory analyzed these pills, which contained fentanyl.

On April 25, 2022, law enforcement learned that that same source in Arizona was shipping another package addressed to "Calvin Smith" at 15XXX Founders Lane in Apple Valley, Minnesota (the defendant's residence). The package was scheduled to be delivered the following morning.

On the morning of April 26, 2022, DEA agents, officers of the Dakota County Drug Task Force, and agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives conducted surveillance of the defendant's residence while awaiting the delivery of the package. Around 8:45 a.m., the package was delivered. Approximately one hour later, the defendant left his residence in his vehicle. Law enforcement conducted a traffic stop. After a trained K-9 alerted to the odor of controlled substances, law enforcement searched the vehicle. In a bag in the trunk, law enforcement recovered 2.1 kilograms of the counterfeit pills containing fentanyl. Law enforcement recovered $1,100 from the defendant's person, and another $1,535 in the driver's side door. A search warrant was subsequently executed at the defendant's residence, and a total of $25,924 of the defendant's cash was seized.

The defendant admits that he knowingly possessed the fentanyl pills recovered from his trunk on April 26, 2022 with the intent to distribute them. The defendant also admits the cash seized from his person, vehicle, and residence were illicit proceeds from the distribution of controlled substances, and is therefore subject to forfeiture. The defendant further stipulates he acted voluntarily, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case withdraws any pre-trial motions already filed.

4. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a mandatory minimum of 10 years' imprisonment (21 U.S.C. § 841(b)(1)(A));

    b. a maximum of life imprisonment (21 U.S.C. § 841(b)(1)(A));

    c. a supervised release term of 5 years (21 U.S.C. § 841(b)(1)(A), 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1));

    d. a fine of up to $10,000,000 (21 U.S.C. § 841(b)(1)(A));

    e. a mandatory special assessment of $100 (18 U.S.C. § 3013(a)(2)(A));

    f. assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920); and

    g. denial of federal benefits under 21 U.S.C. Section 862 (a)(1).

**5. Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release while on supervised release, the Court could revoke his supervised release, and he could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). See USSG §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

**6. Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. **Base Offense Level**. The parties agree that the base offense level for Count 1 of the Indictment is 32 because the amount the defendant possessed with intent to distribute was at least 1.2 kilograms but less than 4 kilograms of mixtures containing fentanyl. U.S.S.G. § 2D1.1(c)(4).

b. **Specific Offense Characteristics**. The parties agree that no other specific offense characteristics apply.

c. **Chapter 3 Adjustments.** The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 Adjustments apply.

d. **Acceptance of Responsibility**. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional 1-level reduction at sentencing pursuant to § 3E1.1(b). However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. §3E1.1). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

e. **Criminal History Category**. Based on the information currently available, the parties believe the defendant has a criminal history category of VI. This does not constitute a stipulation, but a belief based on an assessment of information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. If the defendant's criminal history category is determined to be something other than VI, neither party shall be able to withdraw from this plea agreement on that ground. The parties do agree that the defendant is not subject to sentencing as a career offender under U.S.S.G. § 4B1.1.

f. **Guideline Range**. If the offense level is **29** (32 (base) -3 (acceptance of responsibility)), and the criminal history category is VI, the Sentencing Guidelines range is 151-188 months of imprisonment. the defendant acknowledges that is subject to a mandatory minimum sentence of 10 years' imprisonment.

g. **Fine Range**. If the adjusted offense level is 29, the fine range is $30,000 to $300,000. U.S.S.G. § 5E1.2(c)(3).

4

  h. **Supervised Release**. The Sentencing Guidelines require a term of supervised release of 5 years. (21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5D1.2).

  i. **Sentencing Recommendation and Departures**. The United States agrees to recommend the low-end of the applicable Guidelines range as determined by the Court. The defendant reserves the right to make motions for departure or variance from the applicable Guidelines range. However, the defendant understands that the Court cannot sentence him to less than 10 years' imprisonment.

  7. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range, subject only to the 10-year mandatory minimum term of imprisonment. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

  8. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment of $100.

  9. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver are (1) the substantive reasonableness of a term of imprisonment exceeding 188-months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance. The defendant has discussed these rights with his attorney.

The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 120 months' imprisonment.

    **10.** **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds he obtained directly or indirectly as a result of Count 1 of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violation, including, but not limited to: (1) $25,924 in U.S. currency seized from his residence on April 26, 2022; and (2) $2,635 in U.S. currency seized from his person and vehicle on April 26, 2022. If any of the above-described property is unavailable for forfeiture, the United States will seek the forfeiture of substitute property under Title 21, United States Code, Section 853(p).

    **11.** **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act, 5 U.S.C. § 552, or any other similar law or process.

**12.** **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 9-1-2022

ANDREW M. LUGER
United States Attorney

BY: JUSTIN A. WESLEY,
Assistant U.S. Attorney

Date: 9/1/22

CALVIN MARNEZE LEREON WRIGHT
Defendant

Date: 9/1/22

FREDERICK J. GOETZ
Counsel for Defendant